UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| NICOLAS DE JESUS–GAMBOA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RÍO MAR ASSOCIATES LPSE, d/b/a Río Mar Beach Resort & Spa, a Wyndham Grand Resort; MANUEL BIRRIEL; and an unnamed insurance company,<br><br>　　Defendants. | Civil No. 10-2013 (JAF) |

**O R D E R**

Plaintiff sues under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to e-17, alleging discrimination on the basis of sex and retaliation for his opposition to that discrimination. (Docket No. 1.) He also claims relief for the same conduct under Puerto Rico law, specifically Law 100, 29 L.P.R.A. § 149 (2009), Law 17, 29 L.P.R.A. § 155–155m (2009), and Puerto Rico constitutional and tort law under 31 L.P.R.A. §§ 5141–5142 (2009). Defendant Manuel Birriel ("Movant") moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 10.) Plaintiff opposes (Docket No. 14), and Movant responds (Docket No. 19).

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

Civil No. 10-2013 (JAF)                                                                                             -2-

In his complaint, Plaintiff alleges that he has suffered discrimination on the basis of his "gender and lifestyle" and retaliation by his employer, Defendant Río Mar Associates LPSE, d/b/a Río Mar Beach Resort & Spa, a Wyndham Grand Resort. (Docket No. 1.) He recounts several events of said discrimination and retaliation, directly alleging misconduct on the part of Movant, his supervisor. (Id.) He alleges that the harassment continues. (See id.; see also Docket No. 14 at 1–2.) On October 11, 2009, Plaintiff filed a formal charge regarding this harassment and retaliation before the Equal Employment Opportunity Commission ("EEOC"), and he received a right-to-sue letter from the EEOC on July 23, 2010. (Docket No. 1 at 2.)

Movant contends that Plaintiff has failed to state a claim against him under Title VII, as there is no individual liability under Title VII. (Docket No. 10 at 2.) We agree. See Fantini v. Salem State Coll., 557 F.3d 22, 28–31 (1st Cir. 2009) (finding no individual liability under Title VII, even as to harassing supervisors).

Movant also contends that Plaintiff's claims under Puerto Rico law are time barred, as Plaintiff failed to file the instant suit within one year of the last alleged discriminatory event. (Docket No. 10 at 2–7.) Movant fails to account for the fact that Plaintiff alleged an ongoing harm with no cessation. (See Docket Nos. 1; 10.) Moreover, Movant fails to account for the possibility that the relevant statute of limitations was tolled when Plaintiff filed his EEOC complaint. (See Docket No. 10.) Plaintiff makes this tolling argument in his opposition (Docket No. 14), and Movant replies that EEOC tolling does not apply to him because Plaintiff neither included Movant as a respondent nor made a claim for damages in the EEOC complaint (Docket No. 19 at 1–2). Movant cites no law showing that those shortcomings of the EEOC complaint dispose of the tolling issue. (See id.)

Civil No. 10-2013 (JAF)                                                                                                         -3-

We find Movant's arguments as to Laws 100 and 17 foreclosed by the First Circuit's decision in Valentín-Almeyda v. Municipality of Aguadilla, 447 F.3d 85 (1st Cir. 2006). There, the First Circuit noted that the filing of an EEOC complaint will toll the statute of limitations as to both Laws 100 and 17. Id. at 102 n.20. It further found that the EEOC complaint tolled the statute of limitations as to claims against an individual employee where "[t]he administrative complaint stated all the elements necessary for a Law 17 claim and put [the employee] on notice of the discrimination claim against him, as an individual." Id. at 101–02. In Valentín-Almeyda, there was adequate notice because the EEOC complainant listed the individual employee as "among those who had discriminated against her" and alleged that "she had been the victim of sexual harassment and reprisals" by that employee. Id. at 101. Movant has provided us no means to differentiate between his situation and that of the individual employee in Valentín-Almeyda. We, therefore, find Plaintiff's claims against Movant under Laws 100 and 17 are not time barred. We also find that Movant has made no argument that the constitutional and tort claims should be treated differently from the claims under Laws 100 and 17 (see Docket Nos. 10; 19), and we decline to broach that legal question sua sponte.

For the foregoing reasons, we hereby **GRANT IN PART** Movant's motion (Docket No. 10). We **DISMISS** Plaintiff's claims against Movant under Title VII, but we **RETAIN** all other claims, specifically his claims under Laws 100 and 17, and under 31 L.P.R.A. §§ 5141-5142.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of July, 2011.

                                                             s/José Antonio Fusté
                                                             JOSE ANTONIO FUSTE
                                                             United States District Judge